**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-7495**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREGORY HINTON,

Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Gerald Bruce Lee, District Judge.  (CR-00-180)

---

Submitted:  January 14, 2005          Decided:  January 31, 2005

---

Before WILLIAMS, MICHAEL, and TRAXLER, Circuit Judges.

---

Affirmed in part; dismissed in part by unpublished per curiam opinion.

---

Gregory Hinton, Appellant Pro Se.  Kathleen M. Kahoe, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gregory Hinton, a federal inmate, appeals the district court's denials of his Fed. R. Civ. P. 60(b) motion, his motion for reconsideration, his motion for certificate of appealability, his motion to reopen time to appeal, his motion for clarification, and his motion to proceed in forma pauperis. After a thorough review of the record, we affirm in part, deny a certificate of appealability and dismiss in part, and grant leave to proceed in forma pauperis on appeal.

In 2000, Hinton was convicted of bank robbery and use of a firearm in the commission of a violent felony. He was sentenced to consecutive terms of life and eighty-four months in prison. His convictions and sentences were affirmed on appeal. In April 2003, Hinton filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (2000), which was denied for failing to raise any constitutional violations. This court denied a certificate of appealability and dismissed the appeal of that order. Hinton then filed a Fed. R. Civ. P. 60(b) motion in which he argued that the district court improperly denied his certificate of appealability while simultaneously dismissing his § 2255 appeal. He further argued that his trial counsel was ineffective. The district court denied Hinton's motion, holding that it was proper for his certificate of appealability and § 2255 appeal to be addressed simultaneously. The court also dismissed Hinton's

ineffective assistance claim, finding it was in effect a successive § 2255 application and thus the court was without jurisdiction to consider it. The court's order was entered on June 21, 2004.

Hinton next filed a motion seeking to reopen the time to appeal, arguing that he received notice of the court's order too late to file motions pursuant to Fed. R. Civ. P. 52(b) and 59(e), both of which have ten-day limitations periods. Without waiting for the court to rule on his motion, Hinton filed a motion for reconsideration, which he described as arising pursuant to Rules 52(b) and 59(e). The motion for reconsideration was summarily denied without comment by order entered on August 23, 2004, while the motion to reopen time to appeal was denied on September 15, 2004. Hinton next filed a motion for clarification in which he sought to ascertain whether the district court had, in fact, considered his 52(b) and 59(e) motion timely. This motion was also denied. Finally, the district court denied Hinton's motions for a certificate of appealability and to proceed in forma pauperis by order entered on September 30, 2004.

Hinton filed his first notice of appeal on September 2, 2004, in which he appealed the district court's denial of his Rule 60(b) motion and his motion for reconsideration. Hinton later filed an informal brief in this Court in which he sought to appeal the district court's denial of his motion to reopen time to appeal,

his motion for clarification, his motion for certificate of appealability, and his motion to proceed in forma pauperis.

Under Fed. R. App. P. 4(a)(1)(B), when the United States is a party, a notice of appeal must be filed within sixty days after the judgment or order appealed from is entered. Judgment was entered on Hinton's Rule 60(b) motion on June 21, 2004, giving him until August 21, 2004 to appeal. Hinton did not file his notice of appeal until September 2, 2004. Accordingly, we dismiss Hinton's appeal of the district court's denial of his 60(b) motion as untimely.

As to his appeal of the denial of his motion for reconsideration, Hinton must meet the requirements for the issuance of a certificate of appealability before this Court may review the district court's order denying reconsideration. See Reid v. Angelone, 369 F.3d 363, 367-70 (4th Cir. 2004). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that his constitutional claims are debatable and that any dispositive procedural rulings were also either debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). Hinton has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss as to this aspect of Hinton's appeal.

- 4 -

Hinton filed his motion to reopen time to appeal pursuant to Fed. R. App. P. 4(a)(6). Under this rule, the district court may reopen the time to file an appeal for a period of fourteen days if three conditions are met: (1) the motion is filed within 180 days after the judgment is entered or within seven days after the moving party receives notice of the entry; (2) the court finds that the moving party was entitled to a notice of the entry of the judgment sought to be appealed, but did not receive it within twenty-one days of entry; and (3) the court finds that no party would be prejudiced. See Fed. R. App. P. 4(a)(6). By his own admission, Hinton received notice of the court's entry of judgment on June 29, 2004, eight days after the judgment was entered. Thus, Hinton cannot satisfy the second requirement of Rule 4(a)(6). Accordingly, we affirm the district court's denial of Hinton's motion to reopen time to appeal.

Hinton's motion for clarification requests an explanation for what Hinton believes to be the court's apparent denial of his motion for reconsideration on the merits, while denying his motion for time to reopen appeal. Hinton requests a statement from the court as to whether it deemed his motion for reconsideration timely. There is no procedural vehicle to obtain clarification of the district court's order. We dismiss this aspect of the appeal as frivolous.

In summary, we: (1) dismiss Hinton's appeal of the district court's denial of his Rule 60(b) motion as untimely; (2) deny a certificate of appealability and dismiss Hinton's appeal of the district court's denial of his motion for reconsideration; (3) affirm the district court's denial of Hinton's motion to reopen time to appeal; (4) dismiss Hinton's appeal of the district court's denial of his motion for clarification; and (5) grant leave to proceed in forma pauperis on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART